PER CURIAM.
This cause is before the court on appel-lee’s motion to dismiss the appeal. It is contended that the order appealed was entered in an action at law; is interlocutory in character and does not relate to venue or jurisdiction over the person. Appellee asserts that the court has no jurisdiction to consider the appeal, and that review of the questioned order may be had only after entry of final judgment in the cause.
The order in question was entered in an eminent domain proceeding brought under F.S. Chapter 73, F.S.A. Appellee’s property consists of three parcels of land sought to be appropriated by appellant as a right of way for the Jacksonville Expressway. Contemporaneous with filing its petition for condemnation appellant filed a declaration of taking under the provisions of F.S. Chapter 74, F.S.A., in which the estimated value of the property owned by appellee and sought to be acquired in the proceeding was fixed in the sum of $72,750.00. The requisite deposit to secure payment of the compensation ultimately to be determined by trial was deposited in the .registry of the court pursuant to the require- *75 merits of the pertinent statute applicable thereto, and an order of taking was accordingly entered. We will not burden this opinion by recounting in detail each of the procedural steps thereafter taken in the cause for the reason that it is our judgment they have no bearing on the question presently presented for decision.
After a new trial was awarded appellee the appellant filed a motion far an order permitting it to amend its declaration of taking by reducing the estimated value of the land owned by appellee and involved in this case. It was contended that the original estimate as set forth in the declaration of taking on file in the cause was erroneous due to improper or incomplete engineering information furnished the appraiser employed by appellant. At the same time appellee filed a motion for an order disbursing to her the remainder of the funds in the registry of the court which had been deposited by appellant upon the filing of its declaration of taking at the commencement of the suit. Upon consideration of both motions the trial court entered an order, the adjudicating portion of which is as follows:
“ORDERED, ADJUDGED AND DECREED as follows:
“1. That petitioner’s said motion to amend its Petition and Declaration of Taking as aforesaid should be and the same is hereby denied.
“2. That the application of Grace Gertrude Broward for distribution to her of the additional sum of $12,750.00, which said sum together with the $60,-000.00 previously ordered disbursed, is sought as and for just compensation, should be and the same is hereby granted.
“3. That the Clerk of this Court shall forthwith disburse (out of the funds now on deposit in the registry of this Court to secure the payment of just compensation to the owner of Parcels 2, 2-A and 2-B) the sum of $12,-750.00 to Grace Gertrude Broward as and for the final payment to said owner of the total sum of $72,750.00 for just compensation to her as owner of Parcels 2, 2-A and 2-B in accordance with her said motion therefor.
“4. That this Court reserves jurisdiction of this cause for the purpose of such further proceedings as may be necessary to determine any unsettled issues, including, but not limited to, the fixing of attorney’s fees, appraisers fees and other costs to which the owner of Parcel 2, 2-A and 2-B, or her attorney, may be entitled.”
It is the position of appellant that the foregoing order is a final judgment by which the trial court substituted itself for a jury and purported to adjudicate the issue of just compensation to be paid appellee for the appropriation of her land in this proceeding. Appellant contends that the reservation of jurisdiction as set forth in the order for the purpose of subsequently fixing the amount of attorney’s fees and court costs to be awarded appellee is merely incidental to the primary adjudication made of the cause, and does not deprive the order of the essential characteristic of a final judgment. It is contended on appeal that the trial court erred both in denying appellant’s motion to amend its declaration of taking with respect to the estimated value of appellee’s land, and likewise erred in purporting to make a final adjudication of the issue of just compensation, thereby depriving appellant of a right to a trial by jury as guaranteed by our State Constitution.
The provision of the statute which grants a condemning authority the right to amend its estimate of just compensation as set forth in its declaration of taking, and which authorizes the court to make disbursement of the compensation deposited in the registry of the court and set forth in the declaration of taking is as follows:
“Upon application of the parties in interest, the court may order that the *76 sum of money set forth in the declaration of taking be paid forthwith for or on account of the just compensation to be awarded in said proceeding from the money deposited with the clerk of said court. The estimate of just compensation in the declaration of taking may be amended from time to time. If the compensation finally awarded in respect of said lands, or any parcel thereof, shall exceed the amount of money so received by said person entitled, the court shall enter judgment against the petitioner for the amount of the deficiency. If, however, such payment exceeds the final award there may be a recovery by the petitioner of such excess upon petition in the same proceeding for which sum judgment shall be entered and which also may be decreed to be a lien against any property of such party, except his homestead. As amended Laws 1955, c. 29615, § 17; Laws 1959, c. 59-450, § 2.” [1]
It is noted from the foregoing statute that the estimate of just compensation in the declaration of taking may be amended from time to time. It is our view that the provision of the questioned order which denied appellant’s motion to amend is interlocutory in character, as it merely disposed of a procedural motion filed in the course of the proceedings. Since it relates neither to venue nor jurisdiction over the person, it cannot be made the subject of an interlocutory appeal under the applicable statutes and rules of this court.[2] The correctness of the questioned ruling is subject to review by this court only in an appeal from such final judgment as may be ultimately rendered in the cause.
That provision of the questioned order which directed the clerk to disburse to ap-pellee the remainder of the funds on deposit in the court registry was authorized by the provision of the above quoted statute which directs that upon application of the parties in interest, the court may order that the sum of money set forth in the declaration of taking be paid forthwith for and on account of just compensation to be awarded in said proceeding from the money deposited with the clerk of the court. We construe the order appealed to be an exercise of the trial court’s authority under the quoted statute to make the disbursement called for therein.
We are unable to share appellant’s conclusion that by the entry of the order sought to be reviewed the trial court substituted itself for a jury, and purported to finally adjudicate the just compensation to be paid for the appropriation of appellee’s land, thereby depriving appellant of a trial by jury as guaranteed by our constitution. We reach this conclusion from the clear and unambiguous language of the above quoted statute which provides that payment of the money set forth in the declaration of taking shall be “for or on account of the just compensation to be awarded in said proceeding * * and, “If, however, such payment exceeds the final award there may be a recovery by the petitioner of such excess upon petition in the same proceeding for which sum judgment shall be entered and which also may be decreed to be a lien against any property of such party, except his homestead.”
We construe the above cited section of the statute applicable to the transaction involved in this case to mean that the trial court in the exercise of his discretion may, in advance of the trial of the cause, disburse to any landowner the full amount of the estimated value of his property sought to be condemned as set forth in the declaration of taking. This presupposes, of course, that such disbursement is made in the exercise of a lawful discretion in accordance with applicable law and in light *77 of the evidence appearing in the file and brought to the court’s attention at the time the order is sought. Even though a disbursement is made of the full amount of the estimated value of an owner’s property, the condemning authority is protected to the extent that should the just compensation to be paid for the property as fixed by the jury in its verdict be less than the amount of such advance payment, the condemning authority will be entitled to judgment for such excess, and to a lien against any property of the owner to whom the disbursement has been made.
Reverting to the order here questioned it is observed that the court specifically reserved jurisdiction of the cause for such further proceedings as may be necessary to determine any remaining unsettled issues. It goes without saying that one of the remaining unsettled issues in the case is the matter of just compensation to which ap-pellee is entitled for the taking of her land as determined by a jury and approved by the court in the entry of a final judgment. Appellant’s right to a trial by jury has not been withdrawn under the terms of the order here questioned, nor has the trial judge made a final adjudication of the just compensation which must ultimately be paid appellee for the taking of her land in this proceeding. When the order is so considered, it clearly appears that it is not a final judgment but merely an interlocutory order entered as one step in the proceeding prior to the final adjudication of the cause. The correctness of the court’s order of disbursement may therefore be reviewed on appeal after entry of final judgment upon such verdict as may be ultimately rendered by the jury in this cause.
For the foregoing .reasons appellee’s motion to dismiss the appeal must be granted, and an order will be entered accordingly.
CARROLL, DONALD K., C. J., and STURGIS and WIGGINTON, JJ., concur.

. F.S. Section 74.07, F.S.A.

. Rule 4.2, Florida Appellate Rules, 31 F.S.A.